# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| OLLNOVA TECHNOLOGIES LTD., | |
| Plaintiff, | Case No.  6:22-cv-00246 |
| v. | **JURY TRIAL DEMANDED** |
| GOOGLE LLC, | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT
## AGAINST GOOGLE LLC

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Ollnova Technologies Limited ("Plaintiff" or "Ollnova") makes the following allegations against Defendant Google LLC ("Defendant" or "Google"):

## INTRODUCTION

1.     This complaint arises from Google's unlawful infringement of the following United States patents owned by Plaintiff, which relate to smart home energy management:  United States Patent Nos. 8,224,282 ("the '282 Patent"), 7,746,887 ("the '887 Patent"), 7,860,495 ("the '495 Patent"), 8,264,371 ("the '371 Patent"), and 9,030,315 ("the '315 Patent") (collectively, the "Asserted Patents").

## PARTIES

2.     Plaintiff Ollnova Technologies Limited is a limited liability company organized and existing under the law of Ireland, with its principal place of business at The Hyde Building,

Suite 23, The Park, Carrickmines, Dublin 18, Ireland.  Ollnova is the sole owner by assignment of all right, title, and interest in the Asserted Patents, including the right to recover for past, present, and future infringement.

3.    Defendant Google LLC is a wholly-owned subsidiary of Alphabet, Inc. and a Delaware limited liability company with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.  Google may be served with process through its registered agent, the Corporation Service Company dba CSC – Lawyers Incorporating Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701.  Google is registered to do business in the State of Texas and has been since at least November 17, 2006.

## JURISDICTION AND VENUE

4.    This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.    This Court has personal jurisdiction over Google in this action because Google has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Google would not offend traditional notions of fair play and substantial justice.  Google, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patents.

6.    Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).  Google is registered to do business in Texas, and upon information and belief, Google has transacted business in this District and has committed acts of direct infringement in this District by, among

other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents.  Google has regular and established places of business in this District, including at 500 West 2nd Street, Austin, Texas 78701.[1]  As of June 2019, Google had more than 1,100 employees in Austin.[2]  Google currently has, as of March 2022, over 600 job postings for Austin, Texas, including job postings related to the accused Nest products.[3]  The Federal Circuit has also agreed that the Western District of Texas is a convenient forum for Google in a case also involving its Nest Thermostats.  *See In re Google*, 855 F. App'x 767 (Fed. Cir. Aug. 4, 2021).

<u>**COUNT I**</u>

<u>**INFRINGEMENT OF U.S. PATENT NO. 8,224,282**</u>

7.      Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

8.      Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,224,282, entitled "Method and device to manage power of wireless multi-sensor devices."  The '282 Patent was duly and legally issued by the United States Patent and Trademark Office on July 17, 2012.  A true and correct copy of the '282 Patent is attached as Exhibit 1.

---

[1] *See, e.g.*, https://www.kvue.com/article/money/economy/boomtown-2040/google-austin-texas-real-estate-report/269-2ce6e60e-e8c3-46f5-aca6-864175e67950.

[2] *See, e.g.*, https://www.bizjournals.com/austin/news/2019/06/14/google-confirms-austin-expansion-will-begin-moving.html#:%7E:text=Google%20currently%20has%20more%20than,people%20operations%2C%20finance%20and%20marketing.

[3] *See, e.g.*, https://careers.google.com/jobs/results/125886819318276806-technical-solutions-engineer-automation-google-home-google-nest/?distance=50&location=Austin,%20TX,%20USA&q=Nest.

9.     On information and belief, Google has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation the Google Nest Thermostat, Nest Thermostat E, Nest Learning Thermostat (First, Second, and Third Generations), Nest Guard, Nest Cam, and Nest Doorbell ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '282 Patent.  Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

10.     The Accused Products satisfy all claim limitations of one or more claims of the '282 Patent.  A claim chart comparing exemplary independent claim 13 of the '282 Patent to representative Accused Products is attached as Exhibit 2.

11.     Google also knowingly and intentionally induces infringement of one or more claims of the '282 Patent in violation of 35 U.S.C. § 271(b).  As of at least the filing and service of this complaint, Google has knowledge of the '282 Patent and the infringing nature of the Accused Products.  Despite this knowledge of the '282 Patent, Google continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 2) to use the Accused Products in ways that directly infringe the '282 Patent.  For example, Google instructs its customers and end users on how to install and use the Accused Products in an infringing manner. *See, e.g.*, https://support.google.com/googlenest/answer/9274936?hl=en&ref_topic=9361967 (instructions on how to install and set up Nest Thermostat).  Google also promotes that the Accused Products (such as the Nest Learning Thermostat) contain a plurality of sensors and can be used to communicate with other Google products, such as the Nest Temperature Sensor, in an infringing manner:

# Nest thermostat technical specifications

Find specific details about Google Nest thermostats such as dimensions, certifications, compliance with environmental standards such as ENERGY STAR® certification, and more.

| Nest Thermostat | ⌄ |
|---|---|

| Nest Thermostat E | ⌄ |
|---|---|

| 3rd gen Nest Learning Thermostat | ⌃ |
|---|---|



| Colors | Stainless steel | Copper |
|---|---|---|

| Sensors | Temperature<br>Humidity<br>Proximity<br>Motion<br>Ambient light<br>Magnetic (for thermostat ring position) |
|---|---|

| Connectivity requirements | **For remote control:**<br>Wi-Fi internet connection<br>Nest app (check requirements)<br>Phone or tablet running iOS or Android |
|---|---|
| Wireless | 802.11 a/b/g/n (2.GHz/5GHz) Wi-Fi<br>802.15.4 (2.4GHz)<br>Bluetooth Low Energy |

https://support.google.com/googlenest/answer/9230098?hl=en&ref_topic=9361775#zippy=%2C rd-gen-nest-learning-thermostat.

Can I use a Nest Temperature Sensor without a Nest thermostat?                                      ⌄

> No, you can't use a Nest Temperature Sensor without a Nest thermostat. Your temperature sensor
> will report temperature data directly to a Nest thermostat in the same home over Bluetooth.

https://support.google.com/googlenest/answer/9248154?hl=en#zippy=%2Cwhy-would-i-need-a-nest-temperature-sensor%2Chow-does-it-work%2Ccan-i-see-the-temperature-for-all-my-sensors%2Chow-do-i-set-up-the-nest-temperature-sensor%2Ccan-i-use-a-nest-temperature-sensor-without-a-nest-thermostat.  Google provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  Google also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '282 Patent, thereby specifically intending for and inducing its customers to infringe the '282 Patent through the customers' normal and customary use of the Accused Products.

12.     Google has also infringed, and continues to infringe, one or more claims of the '282 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '282 Patent, are especially made or adapted to infringe the '282 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  As of at least the filing and service of this complaint, Google has knowledge of the '282 Patent and the infringing nature of the Accused Products.  Google has been, and currently is, contributorily infringing the '282 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).

13.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Google has injured Plaintiff and is liable for infringement of the '282 Patent pursuant to 35 U.S.C. § 271.

14.     As a result of Google's infringement of the '282 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 7,746,887

15.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

16.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,746,887, entitled "Dynamic value reporting for wireless automated systems."  The '887 Patent was duly and legally issued by the United States Patent and Trademark Office on June 29, 2010.  A true and correct copy of the '887 Patent is attached as Exhibit 3.

17.     On information and belief, Google has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation the Google Nest Thermostat, Nest Thermostat E, Nest Learning Thermostat (First, Second, and Third Generation), and Nest Protect ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '887 Patent.  Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

18.     The Accused Products satisfy all claim limitations of one or more claims of the '887 Patent. A claim chart comparing exemplary independent claim 1 of the '887 Patent to representative Accused Products is attached as Exhibit 4.

19.     Google also knowingly and intentionally induces infringement of one or more claims of the '887 Patent in violation of 35 U.S.C. § 271(b).  As of at least the filing and service of this complaint, Google has knowledge of the '887 Patent and the infringing nature of the Accused Products.  Despite this knowledge of the '887 Patent, Google continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 4) to use the Accused Products in ways that directly infringe the '887 Patent.  For example, Google instructs its customers and end users on how to install and use the Accused Products in an infringing manner.  *See, e.g.*, https://support.google.com/googlenest/answer/9274936?hl=en&ref_topic=9361967  (instructions on how to install and set up Nest Thermostat).  Google also encourages its customers and end users to utilize the Google Nest alert and notification features in an infringing manner.  *See, e.g.*, https://support.google.com/googlenest/answer/10116949 (Google Nest HVAC monitoring alerts).  Google provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  Google also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '887 Patent, thereby specifically intending for and inducing its customers to infringe the '887 Patent through the customers' normal and customary use of the Accused Products.

20.     Google has also infringed, and continues to infringe, one or more claims of the '887 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '887 Patent, are especially made or adapted to infringe the '887 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  As of at least the filing and service of

this complaint, Google has knowledge of the '887 Patent and the infringing nature of the Accused

Products.  Google has been, and currently is, contributorily infringing the '887 Patent in violation

of 35 U.S.C. §§ 271(c) and/or (f).

21.     By making, using, offering for sale, selling and/or importing into the United States

the Accused Products, Google has injured Plaintiff and is liable for infringement of the '887 Patent

pursuant to 35 U.S.C. § 271.

22.     As a result of Google's infringement of the '887 Patent, Plaintiff is entitled to

monetary damages (past, present, and future) in an amount adequate to compensate for Google's

infringement, but in no event less than a reasonable royalty for the use made of the invention by

Google, together with interest and costs as fixed by the Court.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 7,860,495

23.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully

set forth herein.

24.     Plaintiff owns by assignment all rights, title, and interest, including the right to

recover damages for past, present, and future infringement, in U.S. Patent No. 7,860,495, entitled

"Wireless building control architecture."   The '495 Patent was duly and legally issued by the

United States Patent and Trademark Office on December 28, 2010.  A true and correct copy of

the '495 Patent is attached as Exhibit 5.

25.     On information and belief, Google has and continues to make, use, offer for sale,

sell, and/or import certain products and services, including without limitation the Google Nest

Thermostat E, Nest Learning Thermostat (Third Generation), Nest Temperature Sensor, and Nest

Protect ("Accused Products"), that directly infringe, literally and/or under the doctrine of

equivalents, one or more claims of the '495 Patent, including through Google's sale of infringing systems, own use, and/or testing of the Accused Products.  Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

26.     The Accused Products satisfy all claim limitations of one or more claims of the '495 Patent.  A claim chart comparing exemplary independent claim 1 of the '495 Patent to representative Accused Products is attached as Exhibit 6.

27.     Google also knowingly and intentionally induces infringement of one or more claims of the '495 Patent in violation of 35 U.S.C. § 271(b).  As of at least the filing and service of this complaint, Google has knowledge of the '495 Patent and the infringing nature of the Accused Products.  Despite this knowledge of the '495 Patent, Google continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 6) to use the Accused Products in ways that directly infringe the '495 Patent.  For example, Google provides users with instructions on how to install the Accused Products (such as the Nest Learning Thermostat (Third Generation) and Nest Temperature Sensor) to operate using two wireless communications protocols (for example, WiFi (802.11 a/b/g/n (2.4GHz/5GHz)), Bluetooth, and 802.15.4 (2.4GHz)).  *See, e.g.*, https://support.google.com/googlenest/answer/9274936?hl=en&ref_topic=9361967 (instructions on how to install and set up Nest Thermostat); https://support.google.com/googlenest/answer/9207485 (instructions to set up and install Nest Temperature Sensor).  Google also encourages customers and end users to infringe the '495 Patent by explaining that certain of its products operate utilizing multiple wireless communications protocols (such as the Nest Learning Thermostat (Third Generation)), but that other compatible

products (such as the Nest Temperature Sensor) are only capable of communicating utilizing certain wireless communications protocols:



# Nest thermostat technical specifications

Find specific details about Google Nest thermostats such as dimensions, certifications, compliance with environmental standards such as ENERGY STAR® certification, and more.

Nest Thermostat ⌄

Nest Thermostat E ⌄

3rd gen Nest Learning Thermostat ⌃

| Colors | Stainless steel | Copper |
|---|---|---|

| Connectivity requirements | For remote control:<br>Wi-Fi internet connection<br>Nest app (check requirements)<br>Phone or tablet running iOS or Android |
|---|---|
| Wireless | 802.11 a/b/g/n (2.GHz/5GHz) Wi-Fi<br>802.15.4 (2.4GHz)<br>Bluetooth Low Energy |

https://support.google.com/googlenest/answer/9230098?hl=en&ref_topic=9361775#zippy=%2C rd-gen-nest-learning-thermostat.

**Can I use a Nest Temperature Sensor without a Nest thermostat?**    ⌃

No, you can't use a Nest Temperature Sensor without a Nest thermostat. Your temperature sensor will report temperature data directly to a Nest thermostat in the same home over Bluetooth.

https://support.google.com/googlenest/answer/9248154?hl=en#zippy=%2Cwhy-would-i-need-a-nest-temperature-sensor%2Chow-does-it-work%2Ccan-i-see-the-temperature-for-all-my-sensors%2Chow-do-i-set-up-the-nest-temperature-sensor%2Ccan-i-use-a-nest-temperature-sensor-without-a-nest-thermostat.  Google provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  Google also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '495 Patent, thereby specifically intending for and inducing its customers to infringe the '495 Patent through the customers' normal and customary use of the Accused Products.

28.    Google has also infringed, and continues to infringe, one or more claims of the '495 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '495 Patent, are especially made or adapted to infringe the '495 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  As of at least the filing and service of this complaint, Google has knowledge of the '495 Patent and the infringing nature of the Accused Products.  Google has been, and currently is, contributorily infringing the '495 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).

29.    By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Google has injured Plaintiff and is liable for infringement of the '495 Patent pursuant to 35 U.S.C. § 271.

30.     As a result of Google's infringement of the '495 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 8,264,371

31.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

32.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,264,371, entitled "Method and device for communicating change-of-value information in a building automation system." The '371 Patent was duly and legally issued by the United States Patent and Trademark Office on September 11, 2012. A true and correct copy of the '371 Patent is attached as Exhibit 7.

33.     On information and belief, Google has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation the Google Nest Thermostat E, Nest Learning Thermostat (Third Generation), and Nest Protect ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '371 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

34.     The Accused Products satisfy all claim limitations of one or more claims of the '371 Patent. A claim chart comparing exemplary independent claim 13 of the '371 Patent to representative Accused Products is attached as Exhibit 8.

35.     Google also knowingly and intentionally induces infringement of one or more claims of the '371 Patent in violation of 35 U.S.C. § 271(b).  As of at least the filing and service of this complaint, Google has knowledge of the '371 Patent and the infringing nature of the Accused Products.  Despite this knowledge of the '371 Patent, Google continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 8) to use the Accused Products in ways that directly infringe the '371 Patent.  For example, Google instructs its customers and end users on how to install and use the Accused Products in an infringing manner.  *See, e.g.*, https://support.google.com/googlenest/answer/9274936?hl=en&ref_topic=9361967   (installation instructions for Nest Thermostat).  Google also encourages its customers and end users to utilize the Google Nest alert and notification features in an infringing manner.  *See, e.g.*, https://support.google.com/googlenest/answer/10116949 (Google Nest HVAC monitoring alerts).  Google provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  Google also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '371 Patent, thereby specifically intending for and inducing its customers to infringe the '371 Patent through the customers' normal and customary use of the Accused Products.

36.     Google has also infringed, and continues to infringe, one or more claims of the '371 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '371 Patent, are especially made or adapted to infringe the '371 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  As of at least the filing and service of

this complaint, Google has knowledge of the '371 Patent and the infringing nature of the Accused Products.  Google has been, and currently is, contributorily infringing the '371 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).

37.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Google has injured Plaintiff and is liable for infringement of the '371 Patent pursuant to 35 U.S.C. § 271.

38.     As a result of Google's infringement of the '371 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

## COUNT V

## INFRINGEMENT OF U.S. PATENT NO. 9,030,315

39.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

40.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,030,315, entitled "Binding methods and devices in a building automation system."  The '315 Patent was duly and legally issued by the United States Patent and Trademark Office on May 12, 2015.  A true and correct copy of the '315 Patent is attached as Exhibit 9.

41.     On information and belief, Google has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation the Google Nest server infrastructure ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '315 Patent.  Identification of the Accused

Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

42.     The Accused Products satisfy all claim limitations of one or more claims of the '315 Patent. A claim chart comparing exemplary independent claim 11 of the '315 Patent to representative Accused Products is attached as Exhibit 10.

43.     Google also knowingly and intentionally induces infringement of one or more claims of the '315 Patent in violation of 35 U.S.C. § 271(b).  As of at least the filing and service of this complaint, Google has knowledge of the '315 Patent and the infringing nature of the Accused Products.  Despite this knowledge of the '315 Patent, Google continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 10) to use the Accused Products in ways that directly infringe the '315 Patent.  For example, Google instructs its customers and end users on how to set up the Accused Products by using a QR code.  *See, e.g.*, https://support.google.com/googlenest/answer/10125150?hl=en&ref_topic=9361968#zippy=%2Cscan-the-qr-code (installation instructions for Nest Thermostat).  Google provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  Google also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '315 Patent, thereby specifically intending for and inducing its customers to infringe the '315 Patent through the customers' normal and customary use of the Accused Products.

44.     Google has also infringed, and continues to infringe, one or more claims of the '315 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '315

Patent, are especially made or adapted to infringe the '315 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of at least the filing and service of this complaint, Google has knowledge of the '315 Patent and the infringing nature of the Accused Products. Google has been, and currently is, contributorily infringing the '315 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).

45.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Google has injured Plaintiff and is liable for infringement of the '315 Patent pursuant to 35 U.S.C. § 271.

46.     As a result of Google's infringement of the '315 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a.     A judgment in favor of Plaintiff that Google has infringed, either literally and/or under the doctrine of equivalents, the '282, '887, '495, '371, and '315 Patents;

b.     A judgment and order requiring Google to pay Plaintiff its damages (past, present, and future), costs, expenses, and pre-judgment and post-judgment interest for Google's infringement of the '282, '887, '495, '371, and '315 Patents;

c.     A judgment and order requiring Google to pay Plaintiff compulsory ongoing licensing fees, as determined by the Court;

d.     A judgment and order requiring Google to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment

interest and compensation for infringing products released after the filing of this case that are not colorably different from the Accused Products;

e.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Google; and

f.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  March 8, 2022                        Respectfully submitted,

*/s/ Reza Mirzaie*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Brett E. Cooper (NY SBN 4011011)
bcooper@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Seth Hasenour (TX SBN 24059910)
shasenour@raklaw.com
Drew B. Hollander (NY SBN 5378096)
dhollander@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474
Facsimile: (310) 826-6991

***Attorneys for Plaintiff Ollnova Technologies Limited***